PER CURIAM.
 

 The Department of Revenue appeals the trial court’s order granting final summary judgment in favor of Ruehl No. 925, LLC, and denying its motion for partial summary judgment. Because the parties stipulated that there were no genuine issues of material fact, the only issue below was whether Ruehl or the Department was entitled to judgment as a matter of law.
 
 See
 
 Fla. R. Civ. P. 1.510(c);
 
 USCardio Vascular, Inc. v. Dep’t of Revenue,
 
 993 So.2d 81, 84 (Fla. 1st DCA 2008). The trial court ruled that Ruehl was entitled to judgment as a matter of law. Specifically,
 
 *390
 
 the trial court determined that the costs of the leasehold improvements were not part of the total rent and therefore not subject to tax under section 212.031, Florida Statutes (2004-2007). We find no error in the trial court’s determination.
 

 Every person who engages in the business of renting or leasing real property in this state is exercising a taxable privilege, unless such property is otherwise exempt from taxation.
 
 See
 
 § 212.031(l)(a), Fla. Stat. (2004-2007). For the exercise of such a privilege, a six percent tax is assessed on the “total rent” charged by the person charging or collecting the rental fee.
 
 See
 
 § 212.031(l)(c), Fla. Stat. (2004-2007). The “total rent” includes payments for the granting of the privilege to use or occupy the property and includes base rent, percentage rents, or similar charges.
 
 See id.
 
 In the instant case, there is no evidence that the parties to the leases intended for the costs of the leasehold improvements to be part of the total rent charged. Accordingly, we affirm.
 

 WOLF, HAWKES, and ROBERTS, JJ., concur.